upon defendant filed a plea of the Two-Year Statute of Limitations, to which the plaintiff demurred and the court sustained the demurrer. The Supreme Court held that the amendment was properly allowed; that it neither changed the cause of action nor stated a new one; that appellant was deprived of no legal right by allowing the amendment. In *Chicago City Ry. Co. v. Hackendahl,* 188 Ill. 300, more than two years after the cause of action had accrued, leave was given to file an amended declaration by inserting the names of the mother, brothers and sisters of the deceased. This was held by the Supreme Court to merely correct the imperfect statement of a good cause of action and that it did not state a new cause of action and was not susceptible to the plea of the statute of limitations. It would appear, therefore, that the trial court in this case did not err in permitting the amendment complained of and that appellant was deprived of no legal right by the action of the court in allowing the same.

The judgment of the court below in this case will be affirmed.

*Affirmed.*

---

**Martin Mattingly, Administrator, Appellee, v. O'Gara Coal Company, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Saline county; the Hon. A. W. Lewis, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Action by Martin Mattingly, administrator of the estate of James Mattingly, deceased, against O'Gara Coal Company to recover damages resulting from the death of deceased while working in defendant's coal

mine. The declaration consisted of three counts. The first count alleged that defendant permitted the roof of the mine where deceased was working to remain in dangerous condition and that it failed to place. a conspicuous mark at the place of danger. The second count charged, in addition to the first, that defendant failed to withhold the entrance check of deceased, and the third count charged common-law negligence in not furnishing deceased a safe place to work. From a judgment entered on a verdict in favor of plaintiff for seven hundred and fifty dollars, defendant appeals.

M. S. WHITLEY, for appellant.

JAMES B. LEWIS and ROBERT E. CHOISSER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 176*—*when recovery for death resulting from dangerous condition of roof of mine sustained by the evidence.* In an action for the death of a miner resulting from a fall of a piece of slate from the roof of the mine, where the questions raised were whether the roof of the mine was in a dangerous condition and whether such dangerous condition could have been ascertained by a reasonable careful examination on the part of defendant made at the usual time required by law, *held* that a verdict for plaintiff was sustained by the evidence.

2. DEATH, § 64*—*sufficiency of proof of pecuniary loss.* In an action for wrongful death, proof that deceased contributed to the support of both his father and mother *held* sufficient to sustain a verdict for more than nominal damages.

3. DEATH, § 80*—*when error in admission of evidence harmless.* Admission of evidence relating to the pecuniary condition or ability of certain next of kin of deceased to perform labor, *held* not reversible error, where the evidence was afterwards withdrawn by plaintiff and the jury was instructed not to consider the same, and it appeared from the amount of the verdict that the jury obeyed the instruction.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.